UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GRINNELL MUTUAL REINSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| SHERMAR OIL, LLC, AJAY PAUL, and AARON JONES, | ) ) ) |
| Defendants. | ) ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Grinnell Mutual Reinsurance Company ("Grinnell Mutual"), by counsel, for its Complaint for Declaratory Judgment against Defendants, Shermar Oil, LLC, ("Shermar Oil"), Ajay Paul, and Aaron Jones, states as follows:

**JURISDICTION AND VENUE**

1. This is a civil action for declaratory and other relief brought pursuant to the provisions of 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 for the determination of a controversy between Plaintiff Grinnell Mutual and Defendants Shermar Oil, Ajay Paul, and Aaron Jones arising out of an insurance contract.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because this action involves citizens of different states and the amount in controversy, as set out more fully in this Complaint, without interest and costs exceeds the value specified by 28 U.S.C. § 1332 ($75,000).

3. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this district because the Court has personal jurisdiction over Shermar Oil, Ajay Paul and Aaron Jones as their residences and

domiciles are located in this district. Moreover, a substantial part of the events that are the subject of this matter, namely the incident triggering this insurance claim, occurred in this district.

## PARTIES

4. Grinnell Mutual is a corporation formed and existing under the laws of Iowa, with its principal place of business in Grinnell, Iowa. Grinnell Mutual is therefore a citizen of the State of Iowa pursuant to 28 U.S.C. § 1332(c)(1).

5. Defendant Shermar Oil is an Indiana Limited Liability Company with its principal office address at 3405 North Sherman Drive, Indianapolis, Marion County, Indiana, and therefore is a citizen of the State of Indiana pursuant to 28 U.S.C. § 1332(c)(1).

6. Defendant Ajay Paul is a resident and is domiciled at 10851 Tanbark Drive, Indianapolis, Marion County, Indiana, and therefore is a citizen of the State of Indiana pursuant to 28 U.S.C. § 1332(c)(1).

7. Defendant Aaron Jones is a resident and is domiciled at 365 Terrace Avenue, Indianapolis, Marion County, Indiana, and therefore is a citizen of the State of Indiana pursuant to 28 U.S.C. § 1332(c)(1). Mr. Jones is named to this lawsuit to answer to his interests and to be bound by the Court's coverage determination.

## BACKGROUND

8. Grinnell Mutual issued a Businessowners Insurance Policy, policy no. 0000985873, to Shermar Oil with a policy period of July 20, 2022 to July 20, 2023 ("the Policy"). The Policy provides business liability coverage of $1,000,000 per occurrence and medical expenses coverage of $10,000 per person. A true and accurate copy of the Policy is attached as **Exhibit 1**.

9. On May 8, 2023, Aaron Jones filed a Complaint for Damages against Ajay Paul and Shermar Oil in the Marion County, Indiana Superior Court under Cause No. 49D06-2305-CT-

018412 ("the Underlying Lawsuit").  A true and accurate copy of the Underlying Lawsuit is attached as **Exhibit 2**.

10. The Underlying Lawsuit alleges that November 17, 2022, Mr. Jones was a customer at the Shell gas station located 3405 Sherman Avenue, Indianapolis, Marion County, Indiana which was operated by Shermar Oil when he got into an argument with Shermar Oil employee Ajay Paul over a jug of antifreeze ((**Exhibit 2, ¶¶ 5-8**).

11. The Underlying Lawsuit further alleges that Mr. Paul then punched Mr. Jones with a closed fist and that a fight began.  The Lawsuit further alleges that Mr. Jones freed himself from the altercation and was beginning to leave when Mr. Paul fired a handgun at Mr. Jones and struck him with a bullet which shattered Mr. Jones' wrist (hereinafter "the Incident") (**Exhibit 2, ¶¶ 9-10**).

12. Count I of the Underlying Lawsuit alleges negligence on the part of Mr. Paul, and specifically alleges that: 1) he acted as store security in a negligent manner; 2) negligently maintained a firearm on the store premises; and, 3) negligently discharged the firearm in the course of his operation of the store (**Exhibit 2, ¶ 12**).

13. Count II of the Underlying Lawsuit alleges that Shermar Oil is vicariously liable for the negligence of Mr. Paul as he was acting within the course and scope of employment with Shermar Oil at the time of the Incident (**Exhibit 2, ¶ 15**).

14. Count III of the Underlying Lawsuit alleges that Shermar Oil was negligent in the hiring, training, retaining, and supervising of Mr. Paul (**Exhibit 2, ¶ 19**).

15. Count IV of the Underlying Lawsuit seeks punitive damages from Mr. Paul for his alleged actions during the Incident (**Exhibit 2, ¶¶ 22-23**).

16. Shermar Oil and Ajay Paul have requested a defense and indemnity from Grinnell Mutual for the claims in the Underlying Lawsuit pursuant to the terms of the Policy.

17. On May 17, 2023, Grinnell Mutual issued a reservation of rights letter to Ajay Paul wherein it set out the grounds for non-coverage for the Incident under the Policy, but also agreed to defend Mr. Paul in the Underlying Lawsuit under a full reservation of rights. A true and accurate copy of the Reservation of Rights Letter is attached as **Exhibit 3**.

18. On May 18, 2023, Grinnell Mutual issued a reservation of rights letter to Shermar Oil wherein it set out the grounds for non-coverage for the Incident under the Policy, but also agreed to defend Shermar Oil in the Underlying Lawsuit under a full reservation of rights. A true and accurate copy of the Reservation of Rights Letter is attached as **Exhibit 4**.

19. Accordingly, there exists a present and existing controversy concerning Grinnell Mutual's duty to defend and indemnify Shermar Oil and Ajay Paul under the Policy for the Underlying Lawsuit.

## COUNT I – BUSINESS LIABILITY COVERAGE - NO "OCCURRENCE" OR "PERSONAL AND ADVERTISING INJURY"

20. Grinnell Mutual incorporates its allegations in paragraphs 1 through 19 as if fully set forth herein.

21. The grant of coverage in the Liability section of the Policy states as follows:

> **SECTION II – LIABILITY**
>
> **A. Coverages**
>
> **1. Business Liability**
>
> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty

4

to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" or any offense and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in Paragraph **D**. Liability And Medical Expenses Limits Of Insurance in Section **II** – Liability; and

**(2)** Our right and duty to defend end when we have used up the applicable Limit of Insurance in the payment of judgments or settlements or medical expenses.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Paragraph **f**. Coverage Extension – Supplementary Payments.

**b.** This insurance applies:

**(1)** To "bodily injury" and "property damage" only if:

    **(a)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    **(b)** The "bodily injury" or "property damage" occurs during the policy period; and

    **(c)** Prior to the policy period, no insured listed under Paragraph **C.1.** Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known before the policy period.

**(2)** To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense

was committed in the "coverage territory" during the policy period.

**c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **C.1.** Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of "bodily injury" or "property damage" after the end of the policy period.

**d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **C.1.** Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

**(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

**(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

**(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

 **e.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

(**Exhibit 1**, p. 35).

22. The Policy defines "occurrence" as follows:

"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

(**Exhibit 1**, p. 49).

23. The Policy defines "personal and advertising injury" as follows:

6

"Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

a. False arrest, detention or imprisonment;

b. Malicious prosecution;

c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

e. Oral or written publication, in any manner, of material that violates a person's right of privacy;

f. The use of another's advertising idea in your "advertisement"; or g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

(**Exhibit 1**, p. 49 - 50)

24. There is no Business Liability coverage under the Policy for Counts I and II, and III of the Underlying Complaint as the Complaint, as well as the facts known to Grinnell Mutual, indicate that the Incident was not an accident, and thus not an "occurrence" as that term is defined in the Policy.

25. There is no Business Liability coverage under the Policy for Counts I and II, and III of the Underlying Complaint as the Complaint, as well as the facts known to Grinnell Mutual, indicate that the Incident was not an offense constituting "personal and advertising injury" as that term is defined in the Policy.

26. Grinnell Mutual seeks a declaration that it does not owe a duty to defend or indemnify Shermar Oil and Ajay Paul under the Business Liability section of the Policy for Counts

I, II, and III in the Underlying Lawsuit as the Incident constitutes neither an "occurrence" nor "personal and advertising injury."

## COUNT II – BUSINESS LIABILITY COVERAGE - EXPECTED/INTENDED INJURY EXCLUSION

27. Grinnell Mutual incorporates its allegations in paragraph 1 through 26 as if fully set forth herein.

**PLEASE READ THIS ENDORSEMENT CAREFULLY, AS IT MODIFIES THE POLICY.**

\*\*\*

**B. Exclusions**

   **1. Applicable to Business Liability Coverage**

   Exclusion **a. Expected or Intended Injury** is deleted and replaced with the following:

     **a.** "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property.

(**Exhibit 1**, Endorsement GMBP 6716 04-20).

28. There is no Business Liability coverage under the Policy for Counts I and II, and III of the Underlying Complaint as the allegations in the Complaint, as well as the facts known to Grinnell Mutual, indicate that the bodily injury inflicted by Mr. Paul upon Mr. Jones was expected or intended by Mr. Paul and not resulting from the use of reasonable force to protect persons or property.

29. Grinnell Mutual seeks a declaration that it owes no duty to defend or indemnify Shermar Oil or Ajay Paul for Counts I, II, and III in the Underlying Lawsuit under the Business Liability section of the Policy pursuant to the expected or intended injury exclusion.

## COUNT III – PUNITIVE DAMAGES EXCLUSION

30.     Grinnell Mutual incorporates its allegations in paragraphs 1 through 29 as if fully set forth herein.

31.     The Policy contains the following exclusion:

**PLEASE READ THIS ENDORSEMENT
CAREFULLY, AS IT MODIFIES THE POLICY.**

**PUNITIVE DAMAGES EXCLUSION.**

The following exclusion is added to your policy:

"We" will not pay for a punitive or exemplary damages award, judgment, or settlement against any "insured". "We" will not pay any interest or expenses accruing on that portion of an award or judgment relating to the assessment of punitive or exemplary damages.

If a claim or suit is otherwise covered by the policy, "we" will defend any "insured" for any claim or suit in which punitive or exemplary damages are sought if the claim or suit also requests compensatory damages.

All other terms of this policy apply.

(**Exhibit 1**, Endorsement GMIL 4706 1-03).

32.     The Policy excludes any duty to indemnify either Shermar Oil or Ajay Paul for Count IV of the Underlying Complaint pursuant to the Punitive Damages Exclusion.

33.     Additionally, since Counts I, II, and III of the Underlying Complaint are not covered by the Policy, Grinnell Mutual has no duty to defend either Shermar Oil or Ajay Paul for Count IV of the Underlying Lawsuit pursuant to the Punitive Damages Exclusion.

34.     Grinnell Mutual seeks a declaration that it owes no duty to defend or indemnify Shermar Oil or Ajay Paul for Count IV in the Underlying Lawsuit pursuant to the Punitive Damages Exclusion in the Policy.

## COUNT IV – MEDICAL EXPENSES COVERAGE – NO ACCIDENT

35. Grinnell Mutual incorporates its allegations in paragraphs 1 through 34 as if fully set forth herein.

36. The grant of coverage in the liability section of the Policy states as follows:

> **SECTION II – LIABILITY**
>
> **A. Coverages**
>
> \*\*\*
>
> **2. Medical Expenses**
>
>    **a.** We will pay medical expenses as described below for "bodily injury" caused by an accident:
>
>       **(1)** On premises you own or rent;
>
>       **(2)** On ways next to premises you own or rent; or
>
>       **(3)** Because of your operations;
>       provided that:
>
>          **(a)** The accident takes place in the "coverage territory" and during the policy period;
>
>          **(b)** The expenses are incurred and reported to us within one year of the date of the accident; and
>
>          **(c)** The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.

(**Exhibit 1**, p. 37).

37. There is no Medical Expenses coverage for Aaron Jones under the Policy for the Incident as it was not an accident.

38. Grinnell Mutual seeks a declaration that there is no Medical Expenses coverage for Aaron Jones under the Policy for the Incident.

## **COUNT V – OTHER TERMS OF THE GRINNELL MUTUAL POLICY**

39. Grinnell Mutual incorporates its allegations in paragraphs 1 through 38 as if fully set forth herein.

40. Grinnell Mutual seeks a judicial declaration that it owes no duty to defend or indemnify Shermar Oil or Ajay Paul in the Underlying Lawsuit under any other terms, conditions, exclusions, limitations, and endorsements of the Policy that may apply.

WHEREFORE, Grinnell Mutual Reinsurance Company, by counsel, prays that judgment be entered in its favor and against Defendants Shermar Oil, LLC, Ajay Paul, and Aaron Jones:

A. Declaring that Grinnell Mutual owes no duty to defend or indemnify Shermar Oil or Ajay Paul for Counts I, II, and III of the Underlying Lawsuits as those counts allege neither an "occurrence" nor an offense constituting "personal and advertising injury" as those terms are defined in the Policy;

B. Declaring that Grinnell Mutual owes no duty to defend or indemnify Shermar Oil or Ajay Paul for Counts I, II, and III in the Underlying Lawsuit pursuant to the expected or intended injury exclusion in the Policy;

C. Declaring that Grinnell Mutual owes no duty to defend or indemnify Shermar Oil of Ajay Paul for Count IV in the Underlying Lawsuit pursuant to the Punitive Damages Exclusion in the Policy;

D. Declaring that Grinnell Mutual owes no Medical Expenses coverage to Aaron Jones as a result of the Incident; and,

E. Declaring that Grinnell Mutual is entitled to such other and further relief as the Court deems just and proper.

Dated: May 26, 2023   Respectfully submitted,

/s/ James P. Strenski
James P. Strenski #18186-53
PAGANELLI LAW GROUP
10401 N. Meridian St., Suite 450
Indianapolis, IN 46290
Phone: 317.550.1855
Fax: 317.569.6016
E-Mail: jstrenski@paganelligroup.com

*Attorney for Plaintiff Grinnell Mutual Reinsurance Company*